IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| KEVIN JAMES MANNING #02458368, | § | |
| PLAINTIFF, | § | |
| | § | |
| V. | § | A-23-CV-1033-RP |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| DEFENDANT. | § | |

## ORDER

Before the Court are Plaintiff Kevin James Manning's complaint and response to the Court's order to show cause. The Court granted Plaintiff leave to proceed *in forma pauperis*. For the reasons discussed below, the Court dismisses Plaintiff's complaint.

## STATEMENT OF THE CASE

At the time he filed his complaint, Plaintiff was confined in the Hutchins Unit of the Texas Department of Criminal Justice. Plaintiff was convicted of unauthorized use of a vehicle in Henderson County and was sentenced to 270 days in jail.

Plaintiff alleges he has been President for five years, and the Government failed to deliver his paycheck. He seeks his presidential pay. Upon receipt of Plaintiff's complaint, the Court ordered Plaintiff to show cause why his complaint should not be dismissed as frivolous, as his complaint is clearly delusional.

Plaintiff responds he was a "target in the scheme to 'take Manning out.'" Plaintiff references other litigation and indicates he was released under "Habeas Corpus from a life sentence." According to Plaintiff he was subsequently detained by Henderson County. Plaintiff asserts he could not afford bond, and as a poor innocent person, he was forced to sign for nine months. Plaintiff

further asserts he "shouldn't have to borrow a car to start with." Plaintiff requests "$320,000,000.00 By Him, whom hath the principal office of the United States."

## DISCUSSION AND ANALYSIS

A. <u>Standard Under 28 U.S.C. § 1915(e)</u>

When an inmate seeks redress from an officer or employee of a governmental entity, his complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. *See Martin v. Scott*, 156 F.3d 578, 579–80 (5th Cir. 1998) (*per curiam*). If a plaintiff is proceeding IFP, his complaint is also subject to screening under § 1915(e)(2). Both statutes provide for *sua sponte* dismissal of a complaint—or any portion thereof—if the Court finds it frivolous or malicious, if it fails to state a claim upon which relief can be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous if it lacks an arguable basis in law or fact, i.e., when "the facts alleged are fantastic or delusional scenarios or the legal theory upon which a complaint relies is indisputably meritless." *Samford v. Dretke*, 562 F.3d 674, 678 (5th Cir. 2009) (quoting *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999)). A complaint fails to state a claim upon which relief may be granted where it does not allege sufficient facts which, taken as true, state a claim which is plausible on its face and thus does not raise a right to relief above the speculative level. *See Montoya v. FedEx Ground Packaging Sys. Inc.*, 614 F.3d 145, 149 (5th Cir. 2010) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). This standard requires more than the mere possibility that the defendant has acted unlawfully. *Twombly*, 550 U.S. at 556.

All well–pleaded facts are taken as true, but the district court need not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions. *See Plotkin v. IP Axess*

*Inc.*, 407 F.3d 690, 696 (5th Cir. 2005). Although "detailed factual allegations," are not required, "more than an unadorned, the–defendant–unlawfully–harmed–me accusation" is. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Labels and conclusions" or a "formulaic recitation of the elements of a cause of action" will not suffice, nor does a complaint which provides only naked assertions that are devoid of further factual enhancement. *Id.* And although a court must construe a pro se's allegations liberally, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007), a plaintiff's pro se status does not offer him "an impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation and abuse already overloaded court dockets." *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

B.  Delusional

Plaintiff clearly is not the President of the United States. As such, he is not owed any salary.

C.  *Heck* Bar

Insofar as Plaintiff challenges his Henderson County conviction for unauthorized use of a vehicle and is seeking monetary damages, Plaintiff's claims must be dismissed pursuant to *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) and the Fifth Circuit's application of *Heck* to state prisoner § 1983 lawsuits in *Boyd v. Biggers*, 31 F.3d 279 (5th Cir. 1994). In *Heck*, the Supreme Court held:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.

In this case Plaintiff's conviction has not been reversed, expunged, invalidated, or called into question by a federal court's issuance of writ of habeas corpus. Accordingly, Plaintiff's claims for

monetary damages regarding his alleged illegal conviction are dismissed with prejudice to refiling once the conditions of *Heck* are met.

It is therefore **ORDERED** that Plaintiff's claims regarding lack of payment for being President are **DISMISSED WITH PREJUDICE** as frivolous pursuant to 28 U.S.C. § 1915(e).

It is further **ORDERED** that Plaintiff's claims challenging his holding conviction are frivolous and are **DISMISSED WITH PREJUDICE** to refiling after the conditions of *Heck* are met pursuant to 28 U.S.C. § 1915(e).

Plaintiff is warned, if he files more than three actions or appeals while he is a prisoner which are dismissed as frivolous or malicious or for failure to state a claim on which relief may be granted, he will be prohibited from bringing any other actions *in forma pauperis* unless he is in imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g).

It is finally **ORDERED** that the Clerk of Court shall e-mail a copy of this Order and the Court's Judgment to the keeper of the three-strikes list.

**SIGNED** on September 20, 2023.

ROBERT PITMAN
UNITED STATES DISTRICT JUDGE